Death Opinion














IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






PD-1681-07





LEOFRIC DARRELL TAYLOR, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIFTH COURT OF APPEALS


DALLAS COUNTY





 Per curiam.


O P I N I O N



 Appellant was convicted of indecency with a child and the trial court assessed punishment
at twenty-five years' confinement. Appellant filed a motion for new trial. The trial judge signed the
"Order" portion of the motion and circled "granted." The judge also appointed counsel for appeal
and certified the case for appeal. When the reporter's record was not timely filed, the court of
appeals abated the appeal and ordered the trial court to make certain findings, including "whether
appellant desires to prosecute the appeal[, and] whether appellant is indigent," among others. In
compliance with the order, the trial court made findings which were subsequently adopted by the
court of appeals, including a finding that appellant desired to prosecute the appeal. Thereafter, the
record was filed and briefs were filed by both parties.

 The State subsequently filed a motion to abate the appeal, asking that the case be sent back
to the trial court to determine whether the trial court "intended to grant Appellant a new trial or
intended for Appellant to attempt to gain relief via resort to the appellate process." 

The court of appeals dismissed the appeal, holding that because the trial court granted the motion
for new trial, it had no jurisdiction to consider appellant's appeal or the State's motion to abate. 
Taylor v. State, No. 05-06-01076-CR (Tex. App.-Dallas Sept. 18, 2007). The State has filed a
petition for discretionary review, contending that because there is a conflict in the record as to
whether the trial court intended to grant a motion for new trial or an appeal, the court of appeals
should have abated the appeal to ascertain the trial court's intent. We agree.

 The record contains both a granted motion for new trial, and a perfected appeal. The trial
court could not have intended both. Faced with a conflicting record concerning its jurisdiction, the
court of appeals should have abated to clarify which action was intended by the trial court. Tex. R.
App. P. 44.4; LaPointe v. State, 225 S.W.3d 513, 520 (Tex. Crim. App. 2007), cert. denied, 128 S.
Ct. 544 (2007). We grant the State's petition for discretionary review, vacate the judgment of the
court of appeals, and remand this case to that court with instructions to abate the appeal and order
appropriate findings by the trial court.


DELIVERED: FEBRUARY 27, 2008

PUBLISH